UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20828-CIV-ALTONAGA

**ENRIQUE ENRIQUEZ-GUERRA**,

    Petitioner,
v.

**GARRET RIPA, FIELD OFFICE
DIRECTOR, U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT**,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner, Enrique Enriquez-Guerra's Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1], challenging his detention at the Broward Transitional Center in Pompano Beach, Florida. (*See generally id.*). Respondent filed a Response [ECF No. 5], to which Petitioner filed a Reply [ECF No. 6]. On February 18, 2026, Respondent filed a Supplemental Response after the Executive Office of Immigration Review ("EOIR") clarified its reason for rejecting Petitioner's bond request. (*See generally* Supp. Resp. [ECF No. 7]). The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is denied.

### I. BACKGROUND

On March 5, 2022, Customs and Border Patrol ("CBP") agents encountered Petitioner, a Cuban national, near Ysleta, Texas. (*See* Resp., Ex. 1, Record of Deportable/Inadmissible Alien "Record" [ECF No. 5-1] 2).[1] Petitioner was arrested and transported to a Central Processing

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Center for processing. (*See id.*). On March 7, 2022, a CBP agent issued Petitioner a Notice to Appear, charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), Pub. L. No. 82-414, 66 Stat. 163 (1952) (codified as amended in scattered sections of 8 U.S.C.). (*See* Pet. 9–10; *see also* Resp., Ex. 3, Decl. of Deportation Office Vivian Delgado "Delgado Decl." [ECF No. 5-3] ¶ 7). Petitioner was then released on an I-220A Order of Release on Recognizance, pending further immigration proceedings. (*See* Pet. 9–10).

On May 9, 2024, Petitioner appeared for his initial master calendar hearing before an immigration judge; and on October 16, 2025, he appeared for a second master calendar hearing. (*See* Delgado Decl. ¶ 8). At the October 16, 2025 hearing, DHS moved to dismiss the section 240 removal proceedings under 8 C.F.R. section 239.2(a)(7), which permits dismissal when "circumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government." (Pet. 13 (citation omitted)). The immigration judge granted DHS's request. (*See id.* 13–14).[2]

Following dismissal of his removal proceedings, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations, took Petitioner into ICE custody under section 235(b)(1) of the INA. (*See* Resp., Ex. 4, Notice and Order of Expedited Removal [ECF No. 5-4] 1). On December 19, 2025, Petitioner filed a Motion for Bond, which the EOIR rejected on December 22, 2025. (*See* Pet. ¶ 9; *see also id.* 20). He is currently detained at the Broward Transitional Center in Pompano Beach, Florida. (*See id.* ¶ 9; *see also* Resp., Ex. 2, Detention History [ECF No. 5-2] 1).

---

[2] On October 22, 2025, Petitioner appealed the October 16, 2025 Order to the Board of Immigration Appeals ("BIA"), arguing that he was not provided a reasonable and adequate opportunity to oppose DHS's motion to dismiss and present his asylum claim. (*See* Pet. ¶¶ 7–8, 13). His appeal remains pending. (*See* Delgado Decl. ¶ 10).

CASE NO. 26-20828-CIV-ALTONAGA

Petitioner now seeks an order granting a writ of habeas corpus; directing Respondent to immediately release him from custody, declaring that his detention violates the Due Process Clause of the Fifth Amendment, and ordering Respondent to provide him a bond hearing before an immigration judge. (*See* Pet. 4). Respondent contends that the Petition should be dismissed because Petitioner's detention is lawful under section U.S.C. section 1225(b), and Petitioner failed to exhaust his administrative remedies. (*See generally* Resp.).

## II. LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner argues that his current detention under 8 U.S.C. section 1225(b)(2) is unlawful, as his detention is more appropriately governed by 8 U.S.C. section 1226(a). (*See* Reply 3). Respondent insists that Petitioner is an applicant for admission subject to detention under section 1225(b)(2)(A). (*See* Resp. 4 (citations omitted)). The critical distinction between sections 1225(b)(2) and 1226(a) is that "noncitizens detained under [section] 1226(a) are entitled to individualized bond hearings[,] *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (alterations added; citations omitted), whereas those detained under section 1225(b)(2) are not, *see id.* at 297; *see also, e.g.*, *Lopez Benitez*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citation omitted); *Patel v. Hardin*, No. 25-cv-870, 2025 WL 3442706, at *2 (M.D. Fla. Dec. 1, 2025).

3

As Respondent recognizes, courts within this District and the undersigned have rejected the same arguments Respondent makes here. (*See* Resp. 2–3 (citing *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-Civ, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025); collecting cases)). Respondent does not persuade that the Court's prior conclusion was in error or that the facts of this case merit a different outcome; consequently, as in *Puga*, the Court concludes that section 1226(a) — not section 1225(b) — governs Petitioner's detention. *See Puga*, 2025 WL 2938396, at *4–5.

Nevertheless, the Court agrees with Respondent that Petitioner's arguments are premature because Petitioner has not exhausted his administrative remedies. (*See* Resp. 9–10). Respondent contends Petitioner has not exhausted all available administrative remedies because "he has not yet properly requested a bond hearing from an immigration judge." (*Id.* 9). Indeed, Petitioner's Motion for Bond was rejected because it was filed in the wrong immigration court. (*See* Pet. 20 (listing "Incorrect Filing Location (Wrong Immigration Court)" as the reason for rejection)). Unlike other cases which have not required a petitioner to exhaust his administrative remedies by filing a request for bond redetermination hearing before an immigration judge — here, Petitioner never properly requested an initial bond hearing. *See, e.g.*, *Erazo Figuera v. Ripa*, No. 26-cv-20307, 2026 WL 467569, at *2 (S.D. Fla. Feb 19, 2026) (collecting cases).

Petitioner insists that Respondent "provides no clear guidance on which forum would be 'correct[,]'" and his failure to exhaust should be excused for futility. (Reply 3 (alteration added)). But in Respondent's Supplemental Response, the EOIR confirms that the reason Petitioner's bond request was denied was "because it was filed with the Miami Immigration Court, One Riverview Square, 333 S. Miami Ave., STE 700, Miami, FL 33130" instead of "Miami Krome Immigration

Court, 18201 SW 12th Street, Miami, FL 33194." (Supp. Resp. 1).[3] Because Petitioner has not exhausted his administrative remedies by properly requesting an initial bond hearing, it is

**ORDERED and ADJUDGED** that Petitioner, Enrique Enriquez-Guerra's Petition for Writ of Habeas Corpus Under 28 U.S.C. [Section] 2241 [ECF No. 1] is **DENIED without prejudice**. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 24th day of February, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] Should the immigration court deny Petitioner's bond request based on the BIA's recent decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025), the Court recognizes that "the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a forgone conclusion" and excuses any prudential exhaustion requirements for futility. *Puga*, 2025 WL 2938369, at *2.